UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL F. VALDEZ,

          Petitioner,

   v.

JASON BENNETT,

          Respondent.

CASE NO. 3:24-cv-05168-DGE-BAT

**REPORT AND RECOMMENDATION**

Petitioner is prisoner at the Stafford Creek Corrections Center serving a prison sentence for 2016 Wahkiakum County criminal convictions and sentence for Solicitation to Commit Murder in the First Degree, Arson in the First Degree, Delivery of Marijuana and Possession with the Intent to Manufacture or Deliver Marijuana in case number 15-1-00020-4.

Petitioner filed a *pro se* pleading using a form "Petition For Writ of Habeas Corpus Under 28 U.S.C. §2241. Dkts. 1 and 7.  Petitioner also moved to proceed *in forma pauperis* Dkt. 4. On April 1, 2024, the Court denied the motion to proceed *in forma pauperis* on the grounds Petitioner has the financial means to pay the $5.00 filing fee. Dkt. 6. On April 9, 2024, Plaintiff tendered payment of the $5.00 filing fee. Dkt. 7.

REPORT AND RECOMMENDATION - 1

1    Petitioner claims he is not challenging his 2016 Wahkiakum County criminal conviction
2    and instead is challenging the actions of the Wahkiakum District Court alleging "unlawful
3    seizure" and that court's "refusal to file; Dec. 28 2023; Jan. 18, 2024." Dkt. 7 at 2.
4    Petitioner further claims his § 2241 habeas petition is "an immediate appeal for the denial to file
5    Unlawful Seizure." *Id*. at 7.

6    In support, Petitioner has attached an Affidavit and a Memorandum. *See* Dkt. 7.
7    Petitioner's Affidavit avers Petitioner served the Wahkiakum District Court and Attorney Bob
8    Ferguson with a motion for evidentiary hearing and a motion for Brady Order. *Id.* at 10. The
9    Wahkiakum District Court declined to assign a case number to Petitioner's motions and also
10   declined to appoint "stand-by counsel or enter a notice of appearance. *Id.* Plaintiff alleges "the
11   initial probable cause for this search warrant was filed in Cowlitz County District Court on May
12   18, 2015 alleging crimes in Wahkiakum County." *Id.* at 11. Plaintiff filed motions for an
13   evidentiary hearing and Brady Order in Cowlitz County, but that County declined to file the
14   motions and also declined to appoint stand-by counsel or file a notice of appearance. *Id.*

15   Petitioner alleges he was arrested on July 3, 2015 before he was charged in Wahkiakum
16   County case number 15-1-00020-4. *Id.* at 12. Petitioner avers he was convicted of the offenses in
17   this case number and sentenced on March 14, 2016 and is serving his sentence at Stafford Creek
18   Correction Center. *Id.*

19   In his Memorandum in support of the § 2241 habeas petition, Petitioner contends he is
20   currently detained "pursuant to the seizure of his person by Wahkiakum County, and that his
21   seizure violates the Fourteenth Amendment. *Id.* at 13. Petitioner contends that the District Court
22   of Wahkiakum County did not issue an arrest warrant; that this failure violates the separation of
23   powers based upon Article I "Judge presiding over criminal proceeding without permission from

REPORT AND RECOMMENDATION - 2

an Article III Judge." *Id. at* 14. Petitioner claims that a § 2241 habeas petition is the proper means to challenge the execution of a sentence that is not the result of the criminal court's judgment and that "his confinement is **not** the result of a criminal court's judgment based on Wahkiakum County Superior Court's lack of jurisdiction to enter a judgment and sentence." *Id.* at 15.

When Petitioner first submitted his § 2241 habeas petition, he also submitted a pleading entitled "Prayer for Relief" which states:

> Petitioner, Samuel Valdez respectfully request his Court remand this matter to the Wahkiakum District Court, of Wahkiakum County with instructions to accept for filing and determination of the motions set forth in the MOTION REQUESTING NOTICE IN SUPPORT OF 28 U.S.C. § 2241.
>
> In the alternative Petitioner Samuel Valdez asks this Court to retain supervisory jurisdiction by entering the merits of the 18 U.S.C. § 2241 motion based on exhaustion principles regarding his attempt to exercise his First Amendment right to seek review in the Wahkiakum District Court, of Wahkiakum County.

*See* Dkt. 1, Prayer for Relief.

On April 9, 2024, Petitioner also filed a "Request for Certification in 18 U.S.C. § 2241 Action" requesting the Court certify the following question: Does the proper designation of judicial officers in Article III preclude a superior court judge from imposing a criminal sentence without a district court warrant?" Dkt. 9.

The Court has screened this action under both 28 U.S.C. § 1915A(a) and Habeas Rule 4. The Court must dismiss claims contained in a civil complaint that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Under Rule 4 of the Rules Governing § 2254 habeas cases, the Court must perform a preliminary review of a habeas petition, and should dismiss a habeas petition, if it "plainly appears from the petition and any attached exhibits

REPORT AND RECOMMENDATION - 3

that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

For the reasons below, the Court recommends this action be DISMISSED with prejudice. Leave to amend should be denied because no amendment would cure the deficient pleadings submitted and amendment would be futile. The Court should strike Petitioner's motion to certify a question to the State Supreme Court as moot.

### CURRENT HABEAS PETITION AND PRIOR ACTIONS

Petitioner alleges in his § 2241 habeas petition that he is incarcerated at Stafford Creek Corrections Center and serving the sentence imposed by the Wahkiakum County Superior Court, in case number 15-1-00020-4 on March 14, 2016. In answer to the question "What are you challenging in this petition," he checked the box stating: "The validity of your conviction or sentence imposed." Dkt. 7 at 2.

Petitioner alleges the Wahkiakum District Court refused to file pleadings he submitted to that court in 2023 and 2024, and his present § 2241 petition constitutes an immediate appeal of his unlawful seizure. *Id.*

The § 2241 petition raises one ground for relief: "unlawful Seizure." As discussed above Plaintiff claims he submitted to the Wahkiakum District Court motions for an evidentiary hearing, a <u>Brady</u> order, stand-by counsel and s notice of appearance, which that court declined to file. Plaintiff argues he is imprisoner pursuant to the seizure of his person by Wahkiakum County in violation of the Fourteenth Amendment which prohibits unreasonable searches and seizures and requires probable cause before a warrant may be issued.

REPORT AND RECOMMENDATION - 4

The present habeas petition is not the first federal habeas petition Petitioner has submitted to this Court regarding the conviction and sentence imposed in Wahkiakum County Superior Court case number 15-1-0020-4. The Court's records show that in 2021, Petitioner filed a § 2254 habeas petition challenging this conviction. *See Valdez v. Haynes*, 3:21-cv-05322-DGE. One of the claims Petitioner raised in his § 2254 habeas petition was "the affidavit for warrant lacks sufficient grounds for probable cause." *See* § 2254 habeas petition, Dkt. 5 at 5.

On July 22, 2022, the Court dismissed the § 2254 petition and also denied Petitioner's motions challenging the veracity of warrant affidavit, production of exculpatory and mitigating evidence and issuance of a certificate of appealability. *See* 21-cv-05322-DGE, Dkt. 39.

Petitioner filed a notice of appeal to the Court of Appeals for the Ninth Circuit and the Court denied issuance of a certificate of appealability on May 15, 2023 which finalized the dismissal. *Id.* at Dkt. 43.

**DISCUSSION**

Petitioner's request for federal habeas relief should be dismissed with prejudice for several reasons.

As an initial matter, Petitioner contends the Court should grant him § 2241 relief because his confinement is not the result of the Wahkiakum County Superior Court's criminal judgment and sentence because that state Superior Court lacked the jurisdiction to enter a judgment and sentence as Petitioner was arrested without issuance of a valid arrest warrant. This contention is meritless. Petitioner's claim he is not challenging his state court conviction and sentence implies the sole reason he is serving his present prison sentence is because he was unlawfully arrested. This is a frivolous claim because Petitioner is not serving a sentence merely because he was arrested but because he was convicted and sentenced following his arrest. Petitioner admits as

much by arguing the state court lacked jurisdiction to enter judgment and impose the prison sentence he is now serving. Petitioner's habeas petition is thus nothing less than a direct challenge to Petitioner's underlying state court conviction and sentence and such challenges must be brought under § 2254, not § 2241.

Moreover, because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254 even if he is not challenging his underlying state court conviction. See *Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" *White*, 370 F.3d at 1009–10. 'By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition.'" *Id.* at 1006.).").

In short, Petitioner is challenging his underlying state court judgment and sentence and such relief is available only under § 2254, not § 2241. However, Petitioner is time barred from bringing a § 2254 federal habeas corpus petition. A § 2254 habeas petition filed by persons imprisoned under a state court judgment is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

REPORT AND RECOMMENDATION - 6

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Petitioner was sentenced in 2016 and last sought state collateral relief challenging his 2016 conviction in 2021. *See* 21-cv-05322-DGE. He filed a § 2254 habeas petition on May 3, 2021. The filing of a §2254 federal habeas corpus petition does not toll the limitations period set forth under § 2244. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Hence the limitations period started running no later than 2021 and continued to run for more than one year when Petitioner filed the present habeas petition on February 28, 2024. As it is clear Petitioner's state judgment was final more than one year ago, and the limitations period has not been tolled, Petitioner is time-barred from seeking § 2254 relief.

The present habeas petition also does not raise claims that are exempt from the statute of limitations. Petitioner claims the Whakiakum County Superior Court lacked jurisdiction to impose judgment because he was arrested without a warrant. This is an allegation that Petitioner knew about or should have known about at the time of arrest in 2015 and the time he went to

REPORT AND RECOMMENDATION - 7

1  trial. There is thus no statutory or equitable ground to excuse Petitioner's failure to bring his
2  claim in a timely manner.
3        The present habeas petition is also barred because it is a second or successive request for
4  habeas relief from a state court judgment and sentence. "The Antiterrorism and Effective Death
5  Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in
6  custody pursuant to the judgment of a state court,' 28 U.S.C. § 2254(a), must follow if he wishes
7  to file a 'second or successive' habeas corpus application challenging that custody, §
8  2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

      This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make a prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

      This Court previously dismissed Petitioner's requests for § 2254 habeas relief with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. Petitioner has failed to show that his present petition is not subject to § 2244(b). Accordingly, this Court has no jurisdiction to grant § 2254 habeas relief. The matter should not be transferred to the Ninth Circuit for consideration as an application for leave to file a successive petition

REPORT AND RECOMMENDATION - 8

under Ninth Circuit Rule 22-3(a), because Petitioner's request for habeas relief is time-barred and should be dismissed for that reason alone.

The Court should also dismiss the present habeas petition because it lacks the authority to grant the relief Petitioner requests. Petitioner requests:

> this Court remand this matter to the Wahkiakum District Court with instructions to accept for filing and determination of the motions set forth in the MOTION REQUESTING NOTICE IN SUPPORT OF 28 U.S.C. § 2241.  In the alternative Petitioner Samuel Valdez asks this Court to retain supervisory jurisdiction by entering the merits of the 18 U.S.C. § 2241 motion based on exhaustion principles regarding his attempt to exercise his First Amendment right to seek review in the Everett District Court, of Snohomish County.

Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective jurisdictions." This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty." 28 U.S.C. § 1361.

Title 28 U.S.C. § 1651(a) does not vest a federal district court with the authority to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir. 1991) (explaining "to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal.

1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties).

Here, petitioner request for relief amounts to a request the Court issue a writ of mandamus ordering the Wahkiakum District Court to accept his state court pleadings and determine the requests contained in his pleadings. This Court lacks jurisdiction over such a request and the habeas petition should thus be dismissed.

The Court notes Petitioner also requests the Court grant relief regarding his First Amendment claim that he has a right to seek review in the Wahkiakum District Court. To the extent Petitioner seeks some form of relief under 42 U.S.C § 1983, for federal violations, the action is untimely and barred under *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994). Section 1983 does not contain a statute of limitations, and federal courts thus apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Here, Petitioner requests a state court to address matters related to his 2015 arrest and 2016 state criminal conviction and sentence all of which were finalized outside of the three-year statute of limitations. The claims, if construed as a violation of federal rights under § 1983 should therefore be dismissed as untimely.

Additionally, this action if viewed as a § 1983 claim for violation of the First Amendment is also barred under *Heck, v. Humphrey,* 512 U.S. 477, 486 (1994). The *Heck* decision precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Id*. at 486-87. Here, petitioner claims the Wahkiakum County

REPORT AND RECOMMENDATION - 10

Superior Court lacked jurisdiction to enter judgment and sentence and requests the Court to "enter the merits" of his habeas petition. Ostensibly, this is the claim Petitioner is asking the Wahkiakum District Court to entertain. Petitioner's request is a direct challenge to his state judgment and sentence and is thus barred under *Heck*.

In sum, the Court recommends this action be **DISMISSED** with prejudice for the reasons set forth above. Although petitioner proceeds *pro se* the Court should dismiss the matter now rather than grant petitioner leave to amend. The Court finds that leave to amend would be futile because the deficiencies contained in petitioner's action cannot be cured by any amendment. The Court also finds no basis to certify questions to the state supreme court. There is no question to certify because Petitioner is not entitled to habeas relief.

## CERTIFICATE OF APPEALABILITY

Although Petitioner has couched his claim for relief as brought under § 2241, the relief he seeks is available only under § 2254. A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's habeas claim is untimely and second or successive. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **April 24, 2024**. The Clerk shall note the matter for **April 26, 2024** as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 10th day of April, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge