UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL F. VALDEZ,<br><br>                     Plaintiff,<br>     v.<br><br>JASON BENNETT,<br><br>                    Defendant. | CASE NO. 3:24-cv-05168-DGE-BAT<br><br>ORDER ON REPORT AND RECOMMENDATION AND OBJECTIONS (DKT. NOS. 11, 12, 13) |

**I      INTRODUCTION**

This matter comes before the Court on United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation (Dkt. No. 11) and Petitioner's objections (Dkt. Nos. 12, 13).  Upon review of the Report and Recommendation, Petitioner's objections, and the record *de novo*, the Court ADOPTS Judge Tsuchida's Report and Recommendation and DISMISSES this matter.

**II     BACKGROUND**

Petitioner is a prisoner at the Stafford Creek Corrections Center serving a prison sentence for criminal convictions in Wahkiakum County, including Solicitation to Commit Murder in the First Degree, Arson in the First Degree, Delivery of Marijuana and Possession with the Intent to Manufacture or Deliver Marijuana.  (Dkt. No. 1-1 at 1; *see* Wahkiakum Superior Court, Case No. 15-1-00020-4.)  Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. Nos. 1-1, 7.)

The petition does not challenge his incarceration resulting from his conviction.  Instead, Petitioner alleges "unlawful seizure" and the Wahkiakum District Court's "refusal to file; Dec. 28, 2023; Jan. 18, 2024."  (Dkt. No. 7 at 2.)  His memorandum in support argues the Wahkiakum District Court did not issue an arrest warrant and did not have probable cause to arrest Petitioner.  (Dkt. No. 7 at 15.)  Although later tried and convicted, Petitioner argues the failure to file a statement of probable cause or issue an arrest warrant deprives the Wahkiakum District Court of jurisdiction to convict or sentence him, and therefore his confinement is not the result of any such conviction or sentence and may be challenged under 28 U.S.C. § 2241.  (*Id.*)

First, the Report and Recommendation concluded because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254, not § 2241, even if he is not challenging his underlying state court conviction.  (Dkt. No. 11 at 6.)  Judge Tsuchida found Petitioner's request for relief amounts to a request the Court issue a writ of mandamus ordering the Wahkiakum District Court to accept his state court pleadings and determine the requests contained in his pleadings.  (*Id.* at 10.)  Judge Tsuchida concluded this court lacks jurisdiction over such a request and the habeas petition should thus be dismissed.  (*Id.*)  Finally, the Report and Recommendation points out the application is time barred both

because this is a successive petition and because the alleged defect in the warrant and Petitioner's arrest were known or should have been known to him at the time of trial.  (*Id.* at 6, 8–9.)

### III    DISCUSSION

#### A.  Standard for Reviewing a Report and Recommendation

A district judge must determine *de novo* any part of the magistrate judge's disposition to which a party has properly objected.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Nevertheless, objections to a magistrate judge's report and recommendation are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge.  *See, e.g., El Papel Llc v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

#### B.  Objections to Report and Recommendation

As a preliminary matter, Petitioner filed objections to Judge Tsuchida's Report and Recommendation on Petitioner's application to proceed *in forma pauperis* (IFP).  (Dkt. No. 5.) Judge Tsuchida recommended Petitioner be directed to pay the filing fee as he averred he had $200 in prison savings.  (Dkt. No. 5 at 1.)  Petitioner was given until March 22, 2024 to object to

the Report and Recommendation on the IFP application. (*Id.* at 2.) Petitioner filed objections on April 9, 2024 and April 17, 2024. (Dkt. Nos. 10, 12.) As both sets of objections were filed after the deadline, they are overruled as untimely.

Regarding the Report and Recommendation on Petitioner's habeas application (Dkt. No. 11), Petitioner set forth five objections (Dkt. No. 13).

### 1. Objection 1

Petitioner first argues the Report and Recommendation failed to address his "request for certification" under 28 U.S.C. § 2241. (Dkt. No. 13 at 1.) Although Petitioner couched his relief as brought under § 2241, the relief he seeks is available only under § 2254 for the reasons set forth in the Report and Recommendation. (Dkt. No. 11 at 6.) To the extent this objection challenges Judge Tsuchida's determination that Petitioner's claim is actually a § 2254 claim, the Court rejects this argument. To the extent this objection challenges the failure to address a certificate of appealability, Judge Tsuchida properly considered and rejected Petitioner's request for a certificate of appealability. (*Id.* at 11.) This objection is therefore OVERRULED.

### 2. Objection 2

Petitioner next argues the Report and Recommendation failed to address his Affidavit in Support of his application. (Dkt. No. 13 at 1.)

Again, Judge Tsuchida stated explicitly:

> In support, Petitioner has attached an Affidavit and a Memorandum. *See* Dkt. 7. Petitioner's Affidavit avers Petitioner served the Wahkiakum District Court and Attorney Bob Ferguson with a motion for evidentiary hearing and a motion for Brady Order. *Id.* at 10. The Wahkiakum District Court declined to assign a case number to Petitioner's motions and also declined to appoint "stand-by counsel or enter a notice of appearance. *Id.* Plaintiff alleges "the initial probable cause for this search warrant was filed in Cowlitz County District Court on May 18, 2015 alleging crimes in Wahkiakum County." *Id.* at 11. Plaintiff filed motions for an evidentiary hearing and Brady Order in Cowlitz County, but that County declined to file the motions and also declined to appoint stand-by counsel or file a notice of

appearance. *Id.* (Dkt. No. 11 at 2.)  Judge Tsuchida quite clearly reviewed and considered Petitioner's Affidavit in Support.  Petitioner's second objection is OVERRULED.

        3.   Objection 3

Next, Petitioner argues the Report and Recommendation failed to "take judicial notice pursuant to mandatory provision of section (b) nor was Petitioner allowed to be heard pursuant to section (e). ER 201."  (Dkt. No. 13 at 2.)  The mandatory provision of Federal Rule of Evidence 201 states the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

The kinds of facts that may be judicially noticed are those that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Petitioner requested the court take judicial notice of 25 state court filings and documents relevant to his petition.  (Dkt. No. 1-5 at 1.)

Judicial notice of the court dockets in underlying state court proceedings can be appropriate in habeas cases because those documents are a matter of public record and not subject to reasonable dispute.  *Porter v. Ollison*, 620 F.3d 952, 954–955 n.1 (9th Cir. 2010); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).  Even still, the failure to take judicial notice of the state court record is not material to the ultimate outcome in Petitioner's case.  Even considering the state court docket, Petitioner's § 2254 petition is both unmeritorious and time barred.  (Dkt. No. 11 at 6–8.)  Judicial notice of these documents would not cure this defect in Petitioner's application.  The same is true for Petitioner's opportunity to be heard under Rule 201(e).  This objection is therefore OVERRULED.

4. Objection 4

Petitioner also objects the Report and Recommendation "failed to order the respondent to produce a certified copy of the Arrest Warrant, which is necessary for claimed adjudication[,]" citing *Brady v. Maryland*, 373 U.S. 83 (1963).

Again, the existence or validity of the arrest warrant is of no consequence if Petitioner's claims are time barred.  As Judge Tsuchida explained, Petitioner claims the Wahkiakum County Superior Court lacked jurisdiction to impose judgment because he was arrested without a warrant, and this is an allegation that Petitioner knew about or should have known about at the time of arrest in 2015 and the time he went to trial. (Dkt. No. 11 at 7–8.)  This objection is OVERRULED.

5. Objection 5

Finally, Petitioner objects because the Report and Recommendation failed to consider whether an evidentiary hearing would benefit a merits resolution, or Petitioner's right to contest factual disputes and expand the record. (Dkt. No. 13 at 2.)  In recommending dismissal of Petitioner's application without holding an evidentiary hearing, this Court presumes Judge Tsuchida concluded an evidentiary hearing would not assist in the consideration of Petitioner's application.  And, upon review of the record *de novo*, this Court concludes an evidentiary hearing would not benefit a merits solution, because Petitioner's application is both time barred and without merit for the reasons state in the Report and Recommendation.  This objection is likewise OVERRULED.

### IV   CONCLUSION

Accordingly, and having considered the Report and Recommendation motion, Petitioner's objections, and the remainder of the record *de novo*, the Court finds and ORDERS

that the Report and Recommendation is ADOPTED.  Petitioner's objections are OVERRULED and his application for habeas relief is DISMISSED with prejudice.  Issuance of a certificate of appealability is DENIED.

DATED this 4th day of June 2024.

David G. Estudillo
United States District Judge