1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| SAMUEL F. VALDEZ, | CASE NO. 3:24-cv-05168-DGE- |
| Plaintiff, | BAT |
| v. | ORDER ON MOTIONS FOR RELIEF FROM JUDGMENT |
| JASON BENNETT, | |
| Defendant. | |

On June 4, 2024, this Court adopted the Report and Recommendation of Magistrate Judge Brian A. Tsuchida and dismissed this matter with prejudice.  (Dkt. No. 15.)  At the time of this Order, Petitioner has filed six motions for relief from judgment.  (Dkt. Nos. 18, 20, 22, 26, 27, 29.)  All challenge the Court's failure to conduct *de novo* review with respect to different aspects of his application for habeas relief—his application to proceed *in forma pauperis* (Dkt. No. 18), his request for certification (Dkt. No. 20), his affidavit (Dkt. No. 22), his motion requesting judicial notice (Dkt. No. 26), his *Brady* motion (Dkt. No. 27), and his motion requesting an evidentiary hearing (Dkt. No. 29).  Petitioner argues this Court's judgment should

be void and requests the Court re-open the habeas proceedings based on these failures.  (Dkt. Nos. 18 at 2; 20 at 2; 22 at 2; 26 at 2; 27 at 2; 29 at 2.)[1]

Particularly relevant here, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. Pro. 72(b)(3).  The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

Even so, this Court did conduct *de novo* review of Petitioner's application.  (*See* Dkt. No. 15 at 1) ("Upon review of the Report and Recommendation, Petitioner's objections, **and the record *de novo* . . . .**"); (*id.* at 3) ("And, **upon review of the record *de novo***, this Court concludes an evidentiary hearing would not benefit a merits solution . . . ."); (*id.* at 6–7) (Accordingly, and having considered the Report and Recommendation motion, Petitioner's objections, **and the remainder of the record *de novo***, the Court finds and ORDERS that the Report and Recommendation is ADOPTED").

And, the Court conducted *de novo* review of Petitioner's objections, including his argument that the Report and Recommendation failed to address his request for certification (Dkt. No. 15 at 4) and his argument that the Report and Recommendation failed to address his Affidavit in Support of his application (*id.* at 4–5).  Petitioner filed objections to the Report and

---

[1] Some of these motions are not yet ripe.  However, they are repetitive and duplicative (appearing to be fill-in-the-blank style filings) and fail to identify any real deficiency in this Court's prior Order.  Any future motions asserting the failure to review the record *de novo* will be stricken as this case is now closed.

Recommendation on his application for IFP, and this Court reviewed them *de novo* and determined they were untimely.  (*Id.* at 4.)  Valdez's first three motions for relief from judgment are without merit.  (Dkt. Nos. 18, 20, 22.)

Petitioner argues the Court failed to conduct *de novo* review of Petitioner's request the court take judicial notice of his state court filings and documents relevant to his petition.  (Dkt. No. 26.)  The Court reviewed this argument *de novo* in its Order, explaining judicial notice was not appropriate in this instance and in any event, the failure to take judicial notice is not material to Valedez's petition because it is both unmeritorious and time barred.  (Dkt. No. 15 at 5.)

Petitioner's argument that the Court failed to review *de novo* the *Brady* order issue (Dkt. No. 27) is also meritless.  The Court addressed this argument in Objection No. 4 to the Report and Recommendation, explaining that the existence or validity of the arrest warrant Petitioner requests production of under *Brady* "is of no consequence if Petitioner's claims are time barred." (Dkt. No. 15 at 6.)

As for Petitioner's argument that the Court failed to perform *de novo* review of his requests for an evidentiary hearing (Dkt. No. 29), the Order adopting the Report and Recommendation states exactly the opposite:  "[U]pon review of the record *de novo*, this Court concludes an evidentiary hearing would not benefit a merits solution, because Petitioner's application is both time barred and without merit for the reasons state in the Report and Recommendation." (Dkt. No. 15 at 6.)  Thus, none of Petitioner's pending motions for relief from judgment have merit.

Finally, Petitioner filed a motion requesting records pursuant to 28 U.S.C. § 2250.  (Dkt. No. 30.)  The statute states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court

of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.  Here, Petitioner's application to prosecute in forma pauperis was denied.  (Dkt. No. 6.)  Petitioner is therefore not entitled to have the United States furnish records pursuant to 28 U.S.C. § 2250.  Petitioner's motion requesting records is likewise denied.

Accordingly, and having considered Petitioner's motions, the Court finds and ORDERS that Petitioner's motions for relief from judgment (Dkt. Nos. 18, 20, 22, 26, 27, 29) be DENIED. Petitioner's motion requesting records (Dkt. No. 30) is also DENIED.

DATED this 15th day of July 2024.

David G. Estudillo
United States District Judge

ORDER ON MOTIONS FOR RELIEF FROM JUDGMENT - 4