UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL F. VALDEZ,<br><br>     Plaintiff,<br> v.<br><br>JASON BENNETT,<br><br>     Defendant. | CASE NO. 3:24-cv-05168-DGE-BAT<br><br>ORDER ON PENDING MOTIONS (DKT. NOS. 34, 35, 36, 37, 39, 40) AND REQUSET FOR DOCKET UPDATE (DKT. NO. 38) |

On June 4, 2024, this Court adopted the Report and Recommendation of Magistrate Judge Brian A. Tsuchida and dismissed this matter with prejudice. (Dkt. No. 15.) On July 15, 2024, the Court ordered Petitioner's motions for relief from judgment (Dkt. Nos. 18, 20, 22, 26, 27, 29) be denied and his motion requesting records (Dkt. No. 30) be denied (Dkt. No. 31 at 4).

Currently pending are six additional motions: a motion to appoint counsel (Dkt. No. 34); a motion to request to clear deficiency in a previously denied motion for relief (Dkt. No. 35); a motion to order respondent Jason Bennett to respond to the already-denied habeas petition (Dkt. No. 36); a motion requesting discovery (Dkt. No. 37); a motion requesting production of the

record (Dkt. No. 39); and a motion requesting records (Dkt. No. 40).  Petitioner also submitted a request for docket update.  (Dkt. No. 38.)

As this Court previously noted in denying Petitioner's motions for relief, this batch of filings is repetitive, duplicative and appear to again be "fill-in-the-blank" style filings—in many instances, containing details about the procedural history of this case that are simply false.  For example, Petitioner's motion to appoint counsel states this Court granted Petitioner leave to proceed in forma pauperis, thus establishing a predicate for the appointment of counsel (Dkt. No. 34 at 1), when in reality, the Court denied Petitioner's motion to proceed in forma pauperis.

This Court already reviewed the merits of these requests and denied them.  Petitioner's application to prosecute in forma pauperis was denied.  (Dkt. No. 6.)  Petitioner is therefore not entitled to the appointment of counsel, nor entitled to compel a response from Respondent, nor to have the United States furnish records pursuant to 28 U.S.C. § 2250.  Many of the new pending motions contain a cover sheet in which Petitioner explains he "did not receive confirmation" that the previous iterations of these motions were filed and attaches a copy of the previously denied motion.  (*See, e.g.*, Dkt. No. 36, 39.)  No such confirmation is required, and the motions were in fact properly filed and considered by the Court.  (Dkt. No. 31.)  To the extent Petitioner submits the same issues for reconsideration, such reconsideration is denied.

The Court previously warned that any future motions duplicative of previously denied motions will be stricken as the case is now closed.  (Dkt. No. 31 at 2 n.1).  The Court finds this new round of Petitioner's form-based motions likewise duplicative and bordering on vexatious, given that Petitioner has filed fourteen motions since the close of this case in June, with many of them being substantively identical.  Accordingly, and having considered Petitioner's motions and the remainder of the record, the motions (Dkt. Nos. 34, 35, 36, 37, 39, 40) are DENIED and his

request for docket update (Dkt. No. 38) is disregarded.  The Clerk is directed to strike any new motions in this matter as this case is now closed.

Dated this 12th day of August 2024.

David G. Estudillo
United States District Judge